UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP NKWOCHA, et al.,<br><br>    Defendants. | CASE No. 1:16-cv-00490-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE A FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint is now before the Court for screening.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff is incarcerated at Pleasant Valley State Prison but complains of acts that occurred at California Correctional Institution ("CCI") in Tehachapi, California. He names

2

the following defendants: (1) Philip Nkwocha, (2) the California Department of Corrections and Rehabilitation, and (3) California Correctional Health Care Services ("CCHCS").

Plaintiff's allegations may be summarized essentially as follows:

On December 19, 2015, Plaintiff was en route from the pill line to his cell when Defendant Nkwocha asked Plaintiff why he was not wearing his disability vest. Plaintiff ignored Nkwocha and continued walking. According to Plaintiff, his vest had been confiscated the day before and Nkwocha was aware of this fact. Plaintiff believed Nkwocha was baiting Plaintiff into a conflict due to Nkwocha's frustration with an inmate appeal Plaintiff had filed regarding a cell search conducted by Nkwocha and his partner, non-party Bragdon.[1]

Nkwocha ordered Plaintiff to come over and Plaintiff complied. Nkwocha berated Plaintiff, calling him, amongst other things, a "legal beagle" and a "silly Jew." Nkwocha told Plaintiff to do what Nkwocha said and then told Plaintiff to go home. When Plaintiff arrived to his cell door, Nkwocha stated, "now everybody got to see you break it down." Plaintiff replied "whatever you say man." Nkwocha sprinted at Plaintiff and Plaintiff stepped inside his cell and closed the door.

Nkwocha ordered Plaintiff to cuff up and Plaintiff complied. Nkwocha took Plaintiff to the shower and told him to strip; Plaintiff again complied. Nkwocha sprayed Plaintiff's entire body with pepper spray. Non-party Garcia had turned the water off from the tower, preventing Plaintiff from decontaminating. About an hour later, Nkwocha took Plaintiff from the shower to his cell and stated, "file one of your dumb 602s and next time you'll get the boot motherfucker." The water also was off in Plaintiff's cell and Plaintiff was unable to decontaminate until the next morning. Plaintiff tried to decontaminate with toilet water and Nkwocha mocked him. Plaintiff experienced pain for several days as a result of the inadequate decontamination.

---

[1] That search is the subject of a separate action, Case No. 1:16-cv-515-MJS (PC).

3

As a result of Nkwocha's threats, Plaintiff feared leaving his cell. Plaintiff regularly refused to leave his cell during Nkwocha's watch and therefore missed his medication.

CDCR, Nkwocha and Garcia covered up the incident with Nkwocha by not documenting it.

Plaintiff filed a 602 and a mandamus action in state court regarding the processing (or lack thereof) of his inmate appeals at CCI. At some point, Nkwocha told him, "I saw your legal mail crybaby Jew."

Plaintiff alleges claims for "impeding" the exercise of his First and Eighth Amendment rights, retaliation, inadequate medical care, Equal Protection, and state law claims for violation of the Bane Act, intentional infliction of emotional distress, assault, battery, "criminal/terrorist threat," and failure to summon medical care.

He seeks money damages, unspecified declaratory relief, and an injunction requiring the use of body cameras on CDCR officers and the processing of his 602s. He asks the Court to take judicial notice of his mandamus petition in the Sacramento Superior Court regarding processing of his 602s.

**IV.   Analysis**

   **A.   Judicial Notice**

Plaintiff asks the Court to take judicial notice of pending matters in the Superior Court of California, County of Sacramento. The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004). However, no such records have been submitted to the Court and the Court will not search the dockets of other courts to find documents that support Plaintiff's case. Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). Plaintiff's request for judicial notice will be denied without prejudice.

   **B.   Allegations against Non-Party Garcia**

Defendant Nkwocha is the only individual named in this action. However, Plaintiff's complaint contains allegations against non-party Garcia.

4

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). As Garcia is not named in the caption, the Court is unable to determine whether Plaintiff intends to proceed against him or her.

Accordingly, the Court will not herein address allegations against non-party Garcia. If Plaintiff wishes to pursue such allegations, he may amend his complaint and include Garcia in the caption.

### C. Eleventh Amendment Immunity

Plaintiff names the CDCR and CCHCS as defendants. Plaintiff's attempt to name these state entities as defendants is barred by the Eleventh Amendment. E.g., Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (suits against the state or its agencies are absolutely barred, regardless of the form of relief sought). Plaintiff cannot state a claim against CDCR or California Correctional Health Care Services. Leave to amend such claims is futile and will be denied.

### D. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

#### 1. Use of Pepper Spray

. "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S.

312 (1986)).

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate . . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327).

The extent of injury suffered by the plaintiff may indicate the amount of force applied. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Id. (quoting Hudson, 503 U.S. at 9).

> The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."

Wilkins, 559 U.S. at 37-38 (internal citations and some internal quotation marks omitted).

Plaintiff here accuses Defendant Nkwocha of attacking him with pepper spray without provocation. This allegation is sufficient to state a claim.

### 2. Decontamination

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if

6

he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A conditions of confinement claim has both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Second, the prison official must have acted with "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must show that a defendant knew of, but disregarded, an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Delays in providing showers and medical attention for inmates suffering from harmful effects of pepper spray may violate the Eighth Amendment. Clement v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002).

Plaintiff alleges that he had no means to decontaminate in the hour following the deployment of pepper spray, and thereafter had access only to dirty toilet water. Defendant Nkwocha was aware that Plaitniff had insufficient means to decontaminate. This is sufficient to allege a violation of the Eighth Amendment.

### E. Fourteenth Amendment

#### 1. Equal Protection

Plaintiff alleges that he Defendant's conduct was motivated by discrimination against Plaintiff on the basis of his Jewish religion.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that Defendant Nkwocha attacked Plaintiff with pepper spray because Plaintiff is Jewish. In support, Plaintiff alleges that Nkwocha made derogatory remarks regarding Plaintiff's religion prior to the attack. These facts are sufficient to state an Equal Protection claim.

### 2. Procedural Due Process

Plaintiff may intend to allege a procedural due process claim based on Defendant's interference, or attempted interference, with Plaintiff's grievances.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, Plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009)

("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Accordingly, this allegation fails to state a claim.

### F. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First

Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff alleges that he filed a grievance against Defendant Nkwocha in relation to a cell search and, shortly thereafter, Nkwocha taunted him and attacked him with pepper spray. Additionally, Nkwocha threatened to give Plaintiff "the boot" if Plaintiff filed further grievances. Plaintiff alleges that Nkwocha was aware of his grievances and other litigation and made derogatory comments regarding Plaintiff being a "legal beagle." These allegations are sufficient to state a retaliation claim.

### G. State Law

#### 1. Supplemental Jurisdiction

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Here, Plaintiff has alleged cognizable federal claims. Accordingly, the Court may exercise supplemental jurisdiction over state law claims arising out of the same case or controversy.

#### 2. California Tort Claims Act

Plaintiff alleges that he presented his state law claims to the Victims Compensation and Government Claims Board as required under the California Tort

10

Claims Act. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

### 3. California Civil Code

Plaintiff alleges a claim for "criminal/terrorist threat." Presumably, this is a reference to California Civil Code Section 51.7, also known as the Ralph Civil Rights Act. This provision protects persons from violence or intimidation by threat of violence committed against them because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, or disability. Plaintiff alleges that he is Jewish, that Defendant knew he was Jewish, and that Defendant's attack on Plaintiff was motivated by his Jewish religion. Plaintiff has alleged a cognizable claim under the Ralph Civil Rights Act.

.Plaintiff also alleges a claim under the Bane Act. Section 52.1 authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal. 4th 329, 331 (1998). A Bane Act Plaintiff must show "(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal App. 4th 41, 67 (2015) (citing Jones, 17 Cal 4th at 334). The conduct constituting "coercion" must be "intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights." Gant v. Cnty. of Los Angeles, 772 F.3d 608, 623–24 (9th Cir. 2014) (citing Shoyoye v. Cnty. of Los Angeles, 203 Cal. App. 4th 947, 961 (2012)).

Here, Plaintiff alleges that Defendant interfered with his First Amendment right to file a grievance by threatening to give him "the boot." As a result, Plaintiff feared leaving his cell and did not leave his cell for medication pass. This is sufficient to allege a Bane Act claim.

.

11

### 4. California Government Code § 845.6

Plaintiff alleges that Defendant's conduct violated California Government Code § 845.6. That section provides:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but . . . a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

In order to state a claim under section 845.6 a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need, (2) for immediate medical care, and (3) failed to reasonably summon such care. Jett, 439 F.3d at 1099. "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Id. (citing Watson v. State, 21 Cal. App. 4th 836 (Ct. App. 1993)).

Plaintiff alleges that Defendant pepper sprayed his entire body and knowingly left Plaintiff with the inability to decontaminate without summoning other medical attention. This is sufficient to allege a claim under section 845.6.

### 5. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales, 567 F.3d at 571. Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in

the presence of Plaintiff of whom Defendant was aware. Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2003).

Plaintiff alleges that Defendant Nkwocha pepper sprayed him and threatened him without provocation resulting in Plaintiff suffering severe emotional distress. Plaintiff feared leaving his cell and began suffering PTSD. This is sufficient to allege a claim of intentional infliction of emotional distress.

### 6. Assault and Battery

For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. Id. (citation omitted).

Plaintiff has alleged cognizable assault and battery claims against Defendant Nkwocha.

### H. Remedies

### 1. Declaratory Relief

Plaintiff seeks unspecified declaratory relief. To the extent his claims for damages necessarily entail a determination of whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). If Plaintiff chooses to amend, he must state the form of declaratory relief. Otherwise, the Court will assume that the action properly proceeds as one for damages only, and his claim for declaratory relief will be dismissed.

### 2. Injunctive Relief

Plaintiff seeks various forms of injunctive relief. However, his only cognizable cause of action is against Defendant Nkwocha. Plaintiff has been transferred to a different institution and is no longer under the custody of Defendant Nkwocha. Absent facts to suggest that Plaintiff will be transferred back to the custody of Defendant Nkwocha, any requests for injunctive relief against Nkwocha appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

With regard to Plaintiff's claim for injunctive relief against CDCR or CCHCS, the Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Because CDCR and CCHCS must be dismissed, the Court cannot order injunctive relief against them.

Accordingly, Plaintiff fails to state a claim for injunctive relief.

## V. Conclusion and Order

Plaintiff's complaint states the following cognizable claims for damages against Defendant Nkwocha: Eighth Amendment excessive force, Eighth Amendment conditions of confinement, Fourteenth Amendment Equal Protection, First Amendment retaliation, violation of the Ralph Civil Rights Act, violation of the Bane Act, violation of California Government Code § 845.6, intentional infliction of emotional distress, assault, and battery. The complaint states no other cognizable claims.

The Court will grant Plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at

677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If Plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The other Defendants then will be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

15

      b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claims found to be cognizable in this order; and

3. If Plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: August 3, 2016            /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE