UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP NKWOCHA, et al.,<br><br>    Defendants. | CASE No. 1:16-cv-00490-MJS (PC)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE A PRE-ANSWER MOTION FOR SUMMARY JUDGMENT AND MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**(ECF No. 16)**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE STATUS UPDATE**<br><br>**ORDER SETTING TELEPHONIC STATUS CONFERENCE**<br><br>**Telephonic Status Conference:** February 16, 2017 at 11:00 a.m. in Courtroom 6 (MJS) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's complaint against Defendant Nkwocha for the following claims: Eighth Amendment excessive force, Eighth Amendment conditions of confinement, Fourteenth Amendment

Equal Protection, First Amendment retaliation, violation of the Ralph Civil Rights Act, violation of the Bane Act, violation of California Government Code § 845.6, intentional infliction of emotional distress, assault, and battery.

Defendant Nkwocha waived service. (ECF No. 15.) On the date his answer was due, he filed the instant motion for leave to file a pre-answer motion for summary judgment based on exhaustion and a motion for extension of time to respond to the complaint. (ECF No. 16.)

As Defendant points out, a motion for summary judgment may be filed at any time "until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Although uncommon, there is no apparent prohibition against filing a motion for summary judgment prior to an answer. Accordingly, no specific leave of Court is required before Defendant may file such a motion. The motion for leave therefore will be denied.

Such a motion is not a responsive pleading and does not absolve Defendant of the requirement to respond to Plaintiff's complaint. See Fed. R. Civ. P. 12(b). Defendant asks that his time to file a responsive pleading be extended until after the exhaustion summary judgment motion has been resolved. He contends that such an extension promotes efficiency and economy for the Court and the parties. Certainly such procedures may promote efficiency in some cases. This is not such a case.

As an initial matter, Defendant did not propose a time for filing his pre-answer motion for summary judgment. Indeed, more than six weeks have passed since Defendant was due to respond to the complaint and no such motion has been filed. Thus Defendant's request has served to delay the proceedings rather than to promote efficiency.

More importantly, however, Plaintiff acknowledges difficulties in the processing of his administrative remedies. Indeed, he states in the complaint that he has filed a mandamus action in the Superior Court of Sacramento, Case No. 34-2015-80002217, seeking to require CDCR to process his administrative grievance. Plaintiff has raised

similar allegations in other actions and, as a result, those actions have been stayed. See Applegate v. Moreno, Case No. 1:15-cv-1473 (E.D. Cal. Aug. 19, 2016) (minute order staying proceedings) and (E.D. Cal. Jan. 4, 2017) (minute order continuing stay); Applegate v. Trausch, Case No. 1:15-cv-811 (E.D. Cal. Mar. 29, 2016) (staying proceedings) and July 25, 2016 (continuing stay). In light of these allegations, a pre-answer motion for summary judgment on exhaustion grounds is unlikely to expeditiously resolve this matter.

Based on the foregoing, the Court will deny the motion for extension of time but will nonetheless afford Defendant an opportunity to respond to the complaint. Additionally, the Court will require Plaintiff to provide a status update regarding any and all Superior Court actions pertaining to exhaustion of the allegations at issue in this case. Finally, the Court will set the matter for a telephonic status conference to determine whether a stay is warranted pending resolution of relevant state court proceedings.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to file a pre-answer motion for summary judgment and motion for extension of time (ECF No. 16) are DENIED;
2. Defendant shall file a responsive pleading within fourteen days of the service of this order;
3. On or before February 6, 2017, Plaintiff shall file and serve a status update detailing the current status of any and all Superior Court actions pertaining to the exhaustion of the allegations at issue in this case;
4. On or before February 13, 2017, each party shall file and serve a brief, two-page statement outlining his position on whether the matter should be stayed;
5. The matter is set for a telephonic status conference on February 16, 2017 at 11:00 a.m. in Courtroom 6 (MJS);

6. Defendant shall arrange for Plaintiff's participation in the telephonic conference; and

7. The parties may join the conference by dialing (888) 204-5984 and entering access code 4446176#.

IT IS SO ORDERED.

Dated:   January 4, 2017            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE