UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILIP NKWOCHA, et al.,<br><br>        Defendants. | CASE No. 1:16-cv-00490-MJS (PC)<br><br>**ORDER VACATING TELEPHONIC STATUS CONFERENCE**<br><br>**(ECF NO. 17)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's complaint against Defendant Nkwocha for the following claims: Eighth Amendment excessive force, Eighth Amendment conditions of confinement, Fourteenth Amendment Equal Protection, First Amendment retaliation, violation of the Ralph Civil Rights Act, violation of the Bane Act, violation of California Government Code § 845.6, intentional infliction of emotional distress, assault, and battery.

Defendant Nkwocha waived service. (ECF No. 15.) On the date his answer was due, he filed a motion for leave to file a pre-answer motion for summary judgment based on exhaustion and a motion for extension of time to respond to the complaint. (ECF No. 16.) The Court denied the request to file a pre-answer motion for summary judgment on the ground that such a motion was unlikely to promote efficiency in the instant case. (ECF No. 17.) Defendant since has filed his answer. (ECF No. 18.)

In the order denying Defendant's motion, the Court noted that Plaintiff alleged in his complaint that he had filed a mandamus action in the Superior Court of Sacramento seeking to require CDCR to process his administrative grievance. Plaintiff has raised similar allegations in other actions and, as a result, those actions have been stayed. See Applegate v. Moreno, Case No. 1:15-cv-1473-LJO-MJS (E.D. Cal. Aug. 19, 2016) (minute order staying proceedings) and (E.D. Cal. Jan. 4, 2017) (minute order continuing stay); Applegate v. Trausch, Case No. 1:15-cv-811-AWI-GSA (E.D. Cal. Mar. 29, 2016) (staying proceedings) and (E.D. Cal. July 25, 2016) (continuing stay). Accordingly, the Court ordered the parties to brief the issue of whether the instant matter should be stayed in light of Plaintiff's pending mandamus action, and also set a telephonic status conference on February 16, 2017 to address the issue. (ECF No. 17.)

Neither party opposes a stay pending resolution of Plaintiff's mandamus petition. (ECF Nos. 19, 21.) At the same time, however, both parties state that a stay is unnecessary. (Id.) Plaintiff explains that there will be a hearing on the merits of his petition is May 19, 2017. (ECF No. 19.) He contends that, even if the Superior Court rules against him, its ruling is not dispositive of the exhaustion issue before this Court. In any event, he asserts that he has presented evidence in the mandamus proceeding, and can present such evidence in this action, to refute Defendant's exhaustion defense. Defendant, on the other hand, contends that evidence before the Court in the mandamus proceeding demonstrates that Plaintiff failed to exhaust prior to bringing suit. (ECF No. 21.)

In light of the parties' positions, the Court concludes that the February 16, 2017 telephonic status conference is no longer necessary and that a stay of the matter is unwarranted. Accordingly, the February 16, 2017 status conference is HEREBY VACATED. The Court separately will issue a scheduling order setting a schedule for further litigation of this action.

IT IS SO ORDERED.

Dated: February 13, 2017         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE